UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ZACKERY CHRISTOPHER TORRENCE,

                Petitioner,

    v.

JASON BENNETT,

                Respondent.

CASE NO. 3:24-cv-05541-JCC-GJL

ORDER ON PETITIONER'S MOTION TO PRODUCE THE RECORD

      The District Court has referred this federal habeas action to United States Magistrate Judge Grady J. Leupold. Currently before the Court is Petitioner Zackery Christopher Torrence's Motion to Produce the Record (Dkt. 24), requesting that this Court (1) direct Respondent to produce the entirety of the state court record and (2) hold an evidentiary hearing. The Court **DENIES** the Motion (Dkt. 24).

I.    DISCUSSION

**A.**    **State Court Record**

      Petitioner first requests that this Court order Respondent to produce "each, every and all" state court records. Dkt. 24 at 2. Specifically, Petitioner appears to seek documents that will

enable him to show that he was not present or represented by counsel at preliminary criminal proceedings and to challenge the state court's jurisdiction. *Id.* at 2–3. The Court agrees with Respondent, however, that federal habeas review under § 2254(d) is limited to the record "before the state court that adjudicated the claim on the merits" and does not encompass preliminary jurisdictional documents—especially not where those documents are unrelated to the substantive claims Petitioner raised in state court proceedings. Dkt. 25 (quoting *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011)).

The record produced here by Respondent (see Dkt. 23) complies with Rule 5 of the Rules Governing Section 2254 Cases. The Court therefore **DENIES** Petitioner's request that the Court direct further record production.

**B.    Evidentiary Hearing**

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011). A hearing is not required if the allegations would not entitle Petitioner to relief under § 2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. Further, the Supreme Court in *Shinn* held that when reviewing a federal habeas petition under 28 U.S.C. § 2254, the federal court may not consider any facts beyond the factual record presented to the state post-

conviction relief court – unless one of the limited exceptions of 28 U.S.C. § 2254(e)(2) applies. *Shinn v. Ramirez*, 596 U.S. 366, 382 (2022).

The Court declines to address Petitioner's request for an evidentiary hearing at this time and will instead address the issue in consideration of the fully ripe and briefed Petition. The Court therefore **DENIES without prejudice** Petitioner's request for an evidentiary hearing.

## II.   CONCLUSION

For the reasons set forth above, it is hereby **ORDERED** that Petitioner's Motion to Produce the Record (Dkt. 24) is **DENIED** and Petitioner's Motion for an evidentiary hearing is **DENIED without prejudice**.

Dated this 4th day of February, 2025.

Grady J. Leupold
United States Magistrate Judge