THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZACKERY CHRISTOPHER TORRENCE,<br><br>Petitioner,<br><br>v.<br><br>JASON BENNETT,<br><br>Respondent. | CASE NO. C24-5541-JCC-GJL<br><br>ORDER |

This matter comes before the Court on Petitioner Zackery Christopher Torrence's objections (Dkt. No. 30) to the report and recommendation ("R&R") of the Honorable Grady J. Leupold, United States Magistrate Judge (Dkt. No. 29). Judge Leupold recommends this Court dismiss with prejudice Mr. Torrence's habeas petition and deny Mr. Torrence a certificate of appealability. (*Id*.) Having thoroughly considered the briefing and the relevant record, the Court OVERRULES the objections, ADOPTS Judge Leupold's R&R, DISMISSES the petition (Dkt. No. 6), and DENIES a certificate of appealability.

I.     **BACKGROUND**

Mr. Torrence was convicted in Clark County Superior Court of child molestation, child rape, second degree rape, and indecent liberties with forcible compulsion—he was sentenced to a custodial term of 360 months to life. (Dkt. No. 23-1 at 2, 5, 7.) Mr. Torrence filed a petition for writ of habeas corpus ("petition") pursuant to 28 U.S.C. § 2254. (*See generally* Dkt. No. 6.) In

ORDER
C24-5541-JCC-GJL
PAGE - 1

the petition, Mr. Torrence raised the following grounds for relief: (1) improper exclusion of expert opinion testimony regarding a lack of "grooming" behavior, (2) ineffective assistance of counsel, (3) prosecutorial misconduct, and (4) improper exclusion of victim impeachment evidence. (*See generally id*.) After full briefing on the petition, Judge Leupold issued an R&R recommending dismissal with prejudice. (*See generally* Dkt. No. 29.) In objecting, Mr. Torrence takes issue with Judge Leupold's recommendation(s) as to each ground raised in the petition. (*See generally* Dkt. No. 30.) For the reasons described below, this Court finds that none of the objections have merit.

## II.   DISCUSSION

### A.   Legal Standard

Federal habeas relief is available only where a state court's decision is "contrary to, or involve[s] an unreasonable application of clearly established Federal law." 28 U.S.C. § 2254(d)(1). "Clearly established" law, in turn, "refers to the holdings . . . of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 365 (2000). However, before seeking federal habeas relief, a prisoner must exhaust state remedies. 28 U.S.C. § 2254(b); *see Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Finally, if the petition is dismissed, the Court may still issue a certificate appealability—provided petitioner has made a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2).

As to this Court's consideration of the petition, it must conduct a *de novo* review solely of those portions of Judge Leupold's R&R to which Mr. Torrence properly objects. 28 U.S.C. § 636(b)(1); Rule 8, Federal Rules Governing § 2254 Cases (2019).

### B.   Ground 1: Exclusion of Expert Testimony on "Grooming"

Mr. Torrence first contended that the trial court erred when it did not allow him to elicit opinion testimony from the State's expert witness on "grooming" conduct. (Dkt. No. 6 at 5.) Mr. Torrence insists such behavior is common in sex offense cases involving children, such that the jury could infer that, in the absence of such conduct here, he did not commit the charged

offense(s). (*Id.*) Nevertheless, after seeking an offer of proof, the trial court barred questions to the expert on the topic on relevancy grounds. *See State v. Torrence*, 14 Wash. App. 2d 1048 (Wash. Ct. App. 2020) (unpublished) (describing the trial court's ruling as based on ER 402). In the R&R, Judge Leupold concluded that the petition fails to show the decision is contrary to, or an unreasonable application of, clearly established federal law. (Dkt. No. 29 at 20.) In objecting, Mr. Torrence briefly mentions the Confrontation Clause. (*See* Dkt. No. 30 at 4.) But he does not explain what aspect of Judge Leupold's analysis is incorrect—only that it is. (*See id.*) Thus, his objections do not trigger this Court's *de novo* review. *See* Fed. R. Civ. P. 72(b)(2); *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1175 (9th Cir. 1996). And even if it did, the result would be the same, as the Court would adopt as its own Judge Leupold's analysis. (*See* Dkt. No. 29 at 20) (citing U.S. Const. amend. VI; *Crawford v. Washington*, 541 U.S. 36, 42 (2004)). It was reasonable for the trial court to conclude the testimony was irrelevant to Mr. Torrence's guilt, as there was no evidence of grooming. Regardless, this is not an issue of constitutional import.

### B.    Ground 2: Ineffective Assistance of Counsel

Mr. Torrence next contends that his right to effective counsel was violated, insofar as his trial attorney was initially unaware of an e-mail containing potentially exculpatory evidence (the attorney learned of its existence during trial). (Dkt. No. 6 at 7.) Judge Leupold noted, however, that this ground has not been properly exhausted (the issue was raised and rejected on direct appeal and not renewed in requesting discretionary review). (Dkt. No. 29 at 10.) In objecting, Mr. Torrence does not address exhaustion. (*See* Dkt. No. 30 at 4.) Instead, he reargues the merits. (*Id.* at 5.) But Judge Leupold's recommendation is not based on the merits—it is based on the procedural bar that exhaustion presents. On this, there is no objection. (*See generally id.*) And even if there were, the Court sees no error in Judge Leupold's exhaustion analysis.

### C.    Ground 3: Prosecutorial Misconduct

Mr. Torrence also contended that the prosecution committed misconduct when presenting to the jury an anatomical diagram of a pre-pubescent female and soliciting expert testimony

about the same. (Dkt. No. 6 at 8.) Mr. Torrence insisted, because the displayed anatomy was not the victim's, that this evidence is non-probative and highly prejudicial. (*Id.*) However, Judge Leupold noted that the petition fails to show how the diagram is anything more than an illustrative aid. (Dkt. No. 29 at 23.) In objecting to this determination, Mr. Torrence argues Judge Leupold erred because the evidence "caused [a] rapid response in the jury's mind" and resulted in a "highly prejudicial inference purporting to connect[] the alleged victim . . . to the diagram." (Dkt. No. 30 at 2.) This is no more than a restatement of his contention that the evidence is prejudicial. Critically, it does not explain *why* such information is prejudicial (or how it substantially outweighs its probative value).[1] In objecting to Judge Leupold's recommendation, Mr. Torrence does not meaningfully address the legal requirements for establishing prosecutorial misconduct on a constitutional level.[2] (*See generally id*.) Thus, he presents this Court with no basis to grant his objection.

### D. Ground 4: Exclusion of Impeachment Evidence

Finally, Mr. Torrence contended that the trial court erred in disallowing impeachment evidence regarding the victim's conduct. (Dkt. No. 6 at 10.) Judge Leupold noted, however, that this ground (like Ground 2) has not been properly exhausted (the issue was raised and rejected in a personal restraint petition made to the Washington Court of Appeals but not renewed when seeking discretionary review). (Dkt. No. 29 at 10.) In objecting, Mr. Torrence again fails to address the exhaustion requirement. (*See* Dkt. No. 30 at 4.) Instead, he reargues the merits. (*Id.* at 5.) Again, this is insufficient to trigger *de novo* review.

---

[1] Mr. Torrence's objection contains a passing reference to *State v. Gregory*, 147 P.3d 1201, 1215 (Wash. 2006). (Dkt. No. 30 at 2.) But the issues there (namely, a prosecutor's off-hand comments at closing and the court's decision to exclude evidence pursuant to Washington's rape shield statute) have no import to the issues presented here.

[2] The offending behavior must "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986).

### III.  CONCLUSION

For the reasons described herein, the Court therefore OVERRULES Mr. Torrence's objections (Dkt. No. 30), ADOPTS the R&R (Dkt. No. 29), DISMISSES the petition (Dkt. No. 6) with prejudice, DENIES a certificate of appealability,[3] and DIRECTS the Clerk to send copies of this order to Mr. Torrence and to Judge Leupold.

DATED this 28th day of April 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[3] Mr. Torrence does not object to Judge Leupold's recommendation on this issue and, regardless, Mr. Torrence fails to make the required showing for a certificate.

ORDER
C24-5541-JCC-GJL
PAGE - 5